[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12673
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00038-MMH-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO FERNANDEZ-DE CAMPA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 16, 2020)

Before WILLIAM PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Pedro Fernandez-de Campa appeals his sentence of 30 months of imprisonment following his plea of guilty to reentering the United States illegally. 8 U.S.C. § 1326. Fernandez-de Campa argues that his sentence is procedurally unreasonable because the district court failed to state the reasons for its chosen sentence. He also argues that his sentence is unconstitutional because his maximum statutory sentence was increased based on the fact of a prior conviction that was not alleged in his indictment or admitted by him. We affirm.

Fernandez-de Campa's sentence is procedurally reasonable. The explanation provided by district court, "though brief, was legally sufficient" to establish that it "considered the parties' arguments and [had] a reasoned basis" for its chosen sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). The district court "reviewed . . . [Fernandez-de Campa's] sentencing memorandum" and "heard from counsel and from Mr. Fernandez-de Campa" concerning his request for a downward variance from his recommended guideline range of 30 to 37 months of imprisonment. The district court considered Fernandez-de Campa's arguments that a lenient sentence would account for his difficult childhood, his ongoing support of his wife and three stepdaughters living in the United States, how deportation was a "harsh[] consequence" for him due to his age, and how his deportation would deter other aliens from entering the country illegally. The district court also "reviewed the presentence report" and considered the prosecutor's argument that sentencing

2

Fernandez-de Campa to 37 months of imprisonment was required to punish him for reentering the United States illegally a third time after deportation, to deter him from committing future similar crimes, and to account for his criminal history score of IV, which included his convictions for conspiring to distribute marijuana, driving while intoxicated, and petty theft. The district court selected a sentence of 30 months of imprisonment based on "Title 18, United States Code §§ 3551 and 3553 . . . ." The district court stated its reasons for sentencing Fernandez-de Campa to a term at the low end of his guideline range.

Fernandez-de Campa concedes that his challenge to the constitutionality of his sentence is foreclosed by precedent. In *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proved beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence. *Id.* at 228–47. *Almendarez-Torres* remains the law until overruled by the Supreme Court, which it declined to do in *Alleyne v. United States*, 570 U.S. 99 (2013). *Id.* at 111 n.1.

We **AFFIRM** Fernandez-de Campa's sentence.